

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mrs. Moore:                          Opinion No. O-7337

Re: A Married woman without
the joinder of her hus-
band cannot act as surety
on an employment agency
bond.

Your letter of August 3 is in part as follows:

"Under the Employment Agency Law employment
agencies are required to execute a bond, and one
of the bonds submitted to us is signed by a mar-
ried woman but is not signed by her husband.

"Questions:

"(1) Can a married woman act as surety on a
bond without the joinder of her husband?

"(2) Can a married woman who owns separate
property with the joinder of her husband act as
surety on a bond?

The statutes pertinent to your inquiry are:

Article 5221a-4, Section 3 of Vernon's Annotated Civil
Statutes, reads in part as follows:

"Application and bond for an employment or
labor agency license shall be executed on blank
forms prescribed and furnished by the Commissioner.
* * *

"* * *

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Maureen Moore, page 2

"Each person making application for an employ-
ment or labor agency license and before such license
is issued, shall make and file with the Commissioner
a good and sufficient bond executed by the applicant
with good and sufficient surety in the penal sum of
Five Thousand Dollars ($5,000), payable to the State
of Texas, for each county in which the agent intends
to operate; said bond shall be conditioned that the
obligor will not violate any of the duties, terms,
conditions and requirements of this Act, and that the
principal, his agents or representatives will not make
any false representation or statement to any person
soliciting any assistance from him for employees or
employment, or solicited by him to accept employment.

"Said bond shall further recite that any person
injured or aggrieved by any false or fraudulent state-
ment of such agent, his sub-agents or representatives,
or any violation of the provisions thereof by such
agent, sub-agent or representative, shall be entitled
to bring suit thereon.' * *"

Art. 5221a-5, V. A. C. S., provides:

"Any person injured or aggrieved by any action,
conduct, false representation or false statement of
any such employment agent, his sub-agents or repre-
sentatives may bring suit for damages against such
agent on said bond in any county where such action,
conduct, false representation or false statement was
made in any Court of competent jurisdiction, without
the necessity of making the State a party thereto.
Where the bond has become impaired by recoveries
thereon to the extent of fifty (50) per cent of the
penal sum named therein, the Commissioner may, by a
notice in writing, demand the execution of a new bond,
which if not executed and submitted to the Commissioner
within twenty (20) days for his approval, such failure
to execute a new bond shall ipso facto forfeit and
cancel the license issued to the principal named in
said bond."

Art. 4614 of V. A. C. S.:

All property of the wife, both real and personal,
owned or claimed by her before marriage, and that ac-
quired afterward by gift, devise, or descent, as also

Hon. Maureen Moore,    page 3

the increase of all lands thus acquired, shall be
the separate property of the wife. The wife shall
have the sole management, control, and disposition
of her separate property, both real and personal;
provided however, the joinder of the husband in the
manner now provided by law for conveyance of the
separate real estate of the wife shall be neces-
sary to the incumbrance or conveyance by the wife of
her lands, and the joint signature of the husband and
wife shall be necessary to a transfer of stocks and
bonds belonging to her or of which she may be given
control by this law." (underscoring ours)

Art. 4623 provides:

"Neither the separate property of the husband
nor the community property other than the personal
earnings of the wife, and the income, rents and
revenues from her separate property, shall be sub-
ject to the payment of debts contracted by the wife,
except those contracted for necessaries furnished her
or her children. The wife shall never be the joint
maker of a note or a surety on any bond or obligation
of another without the joinder of her husband with
her in making such contract." (underscoring ours)

Judge Ocie Speer in his Law of Marital Rights in Texas (3rd
Ed. at page 250, para. 188, states the law succinctly as follows:

"The statute now forbids a wife's becoming surety
on any bond or obligation of another without the join-
der of her husband, the same as it does in cases of
promissory notes. without such joinder her act does
not bind her; but with it, she may become a surety on
any bond or undertaking of another, whether the same
be official or individual, except where forbidden by
some other statute, and she and her property are bound."

Your first question is therefore answered in the negative
and your second question is answered in the affirmative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS.

David Wuntch
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN